# Smith *v.* Marx.

*Trespass against Sheriff and Sureties on Indemnifying Bond.*

1. *Argument of counsel to jury; interruption by court; general charge on evidence.*—When the evidence fully justifies the general charge in favor of the plaintiff, and the court, interrupting the defendant's counsel while addressing the jury, states that the general charge will be given, if requested, as to the plaintiff's right of recovery, leaving the question of damages to the jury; this, without more, does not show any unauthorized interference with the constitutional right to be heard by counsel, nor other reversible error.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

J. J. ALTMAN, for appellant.

WEBB & TILLMAN, *contra*.

COLEMAN, J.—By virtue of sundry attachments issued at the suit of the creditors of Oppenheimer & Co., the sheriff, J. S. Smith, levied upon and sold the goods in controversy as the property of Oppenheimer & Co. Hockstadter and Loventhal executed indemnity bonds to the sheriff, to induce him to make the levy and sale. Marx, the plaintiff, sued the sheriff and his sureties in trespass for the wrongful taking of the goods.

[Dorsey v. Sibert.]

There is no evidence in the record from which the jury could legitimately infer that any other person than plaintiff had or owned any interest in the goods, and the evidence was positive that he was the sole owner. The charge of the court, "that if the jury believed the evidence, the plaintiff was entitled to recover," was authorized by the evidence, and was properly given.

The bill of exceptions states that, after "the evidence had been closed, one of the counsel for defendant was addressing the jury, and the court stopped him during his argument, and said to him, if requested by the plaintiff, the court would give the general affirmative charge, so far as the right of recovery was concerned, but would leave it to the jury to assess the amount of the damages." To the action of the court in giving this charge, as well as also in stopping the defendant's counsel, as above stated, the defendant duly excepted.

As already determined, the general charge was properly given. A party has the constitutional right to be heard by self and counsel, or either, in all criminal prosecutions, and by himself or counsel in civil causes. A large discretion must necessarily rest in the trial court, in the conduct and management of causes before it. A due regard to the rights of other litigants, and the principle that all persons are entitled to a speedy trial, should be observed. Unless there was something in the record to show that appellants were deprived of reasonable time and opportunity to be heard, this court can not presume the trial court did not give them their constitutional privileges. So far as the record discloses, counsel for defendants may have consumed more time than was necessary in the argument, before the interposition of the court. Moreover, nothing can be inferred, which in the slightest manner interfered with the further argument before the jury, as to the amount of damages which the jury would assess.

Affirmed.